IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Danny R. Kennedy,<br><br>    Plaintiff,<br><br>v.<br><br>Carolyn W. Colvin, Acting Commissioner<br>of Social Security,<br><br>    Defendant. | C/A No. 0:14-4628-JMC-PJG<br><br><br><br>**REPORT AND RECOMMENDATION** |

This social security matter is before the court for a Report and Recommendation pursuant to Local Civil Rule 83.VII.02 (D.S.C.). The plaintiff, Danny R. Kennedy, brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Acting Commissioner of Social Security ("Commissioner"), denying his claims for Supplemental Security Income ("SSI"). Having carefully considered the parties' submissions and the applicable law, the court concludes that the Commissioner's decision should be affirmed.

**SOCIAL SECURITY DISABILITY GENERALLY**

Under 42 U.S.C. § 1382c(a)(3)(H)(i), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.905(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973). The regulations generally require the ALJ to consider, in sequence:

>   (1)   whether the claimant is engaged in substantial gainful activity;
>
>   (2)   whether the claimant has a "severe" impairment;
>
>   (3)   whether the claimant has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"), and is thus presumptively disabled;
>
>   (4)   whether the claimant can perform his past relevant work; and
>
>   (5)   whether the claimant's impairments prevent him from doing any other kind of work.

20 C.F.R. § 416.920(a)(4).[1] If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. Id.

Under this analysis, a claimant has the initial burden of showing that he is unable to return to his past relevant work because of his impairments. Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy. 42 U.S.C. § 1382c(a)(3)(A)-(B); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980). The Commissioner may carry this burden by obtaining testimony from a vocational expert. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

---

[1] The court observes that effective August 24, 2012, ALJs may engage in an expedited process which permits the ALJs to bypass the fourth step of the sequential process under certain circumstances. 20 C.F.R. § 416.920(h).



**ADMINISTRATIVE PROCEEDINGS**

In October 2008, Kennedy applied for SSI, alleging disability beginning August 5, 2008. Kennedy's application was denied initially and upon reconsideration, and he requested a hearing before an administrative law judge ("ALJ"). A hearing was held on January 10, 2011, at which Kennedy, who was represented by John M. Prosser, Jr., Esquire, appeared and testified. After hearing testimony from a vocational expert, the ALJ issued a decision on January 21, 2011 concluding that Kennedy was not disabled. (Tr. 74-83.) The Appeals Council granted Kennedy's request for review and issued an order on September 7, 2011 vacating the hearing decision and remanding the case for further proceedings. (Tr. 89-90.) Specifically, the Appeals Council found that further evaluation of Kennedy's mental impairment at Steps Two and Three of the sequential evaluation process in accordance with the special techniques described in 20 CFR 416.920(a) was necessary and that the ALJ's finding that Kennedy was not disabled at Step Five of the sequential evaluation process did not use the applicable social security rule based on Kennedy's age as of the hearing date. The Appeals Council instructed the ALJ as follows:

- Further evaluate the claimant's mental impairment in accordance with the special technique described in 20 CFR 416.920a, documenting application of the technique in the decision by providing specific findings and appropriate rationale for each of the functional areas described in 20 CFR 416.920a(c).

- Give further consideration to the claimant's maximum residual functional capacity during the entire period at issue and provide rationale with specific references to evidence of record in support of assessed limitations (Social Security Ruling 96-8p).

- Obtain additional evidence concerning the claimant's physical and mental impairments in order to complete the administrative record in accordance with the regulatory standards regarding consultative examinations and existing medical evidence (20 CFR 416.912-913). The additional evidence may include, if warranted and available, consultative examinations with



> psychological testing and medical source statements about what the claimant can still do despite the impairment.
>
> • If warranted by the expanded record, obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base (Social Security Ruling 83-14). The hypothetical questions should reflect the specific capacity/limitations established by the record as a whole. The Administrative Law Judge will ask the vocational expert to identify examples of appropriate jobs and to state the incidence of such jobs in the national economy (20 CFR 416.966). Further, before relying on the vocational expert evidence the Administrative Law Judge will identify and resolve any conflicts between the occupational evidence provided by the vocational expert and information in the Dictionary of Occupational Titles (DOT) and its companion publication, the Selected Characteristics of Occupations (Social Security Ruling 00-4p).

(Id.)

A second hearing was held on December 12, 2012, at which Kennedy appeared and testified and continued to be represented by John M. Prosser, Jr., Esquire. The ALJ also heard testimony from a vocational expert. The ALJ issued a decision on January 24, 2013 finding that Kennedy was not disabled. (Tr. 10-22.)

Kennedy was born in 1960 and was forty-seven years old on the date the application was filed, but subsequently changed age category to that of "closely approaching advanced age." (Tr. 20.) He has a high-school education with additional training in carpentry and has past relevant work experience as a pipe fitting helper. (Tr. 273, 276.) Kennedy alleged disability due to fractures in his neck and back. (Tr. 272.)

In applying the five-step sequential process, the ALJ found that Kennedy had not engaged in substantial gainful activity since October 7, 2008—his application date. The ALJ also determined that Kennedy's degenerative disc disease, compression fracture deformity of the T11 vertebral body, status/post C7 facet fracture, status/post left knee supra patellar lucency fracture, chronic obstructive



pulmonary disease, and borderline intellectual functioning were severe impairments. However, the ALJ found that Kennedy did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (the "Listings"). The ALJ further found that Kennedy retained the residual functional capacity to

> perform light work as defined in 20 CFR 416.967(b) except he can only occasionally perform postural activities. He cannot climb ladders, ropes, or scaffolds. Additionally, he is limited to simple, routine, repetitive tasks with the need for a sit/stand option every hour.

(Tr. 16.) The ALJ found that Kennedy was unable to perform any past relevant work but that, considering Kennedy's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that Kennedy could perform. Therefore, the ALJ found that Kennedy was not disabled since October 7, 2008, the date the application was filed.

Kennedy submitted additional evidence to the Appeals Council, which denied his request for review on October 7, 2014, making the decision of the ALJ the final action of the Commissioner. (Tr. 1-5.) This action followed.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Thus, the court may review only whether the Commissioner's



decision is supported by substantial evidence and whether the correct law was applied. See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589. In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Id. Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775.

## ISSUES

Kennedy raises the following issues for this judicial review:

I. Did the [ALJ] improperly fail to consider the Claimant's I.Q. scores when determining whether or not he met Section 12.05(C) of the Listing of Impairments?

II. Did the ALJ improperly fail to apply the legal precedent established in Flowers vs. US Department of Health and Human Services, 904 F.2d 211 (1990), to the case at hand?

(Pl.'s Br., ECF No. 23.)

## DISCUSSION

Following briefing by the parties, the crux of the disputed issues remaining before the court is whether the ALJ erred in finding that Kennedy did not meet Listing 12.05(C) based on the fact that



the ALJ incorrectly required Kennedy to satisfy the introductory paragraph (or diagnostic criteria) of Listing 12.05 in addition to the requirements specifically included in subsection C.[2]

> Listing 12.05(C), as of the date of the ALJ's decision, provided:
>
> 12.05 Mental Retardation:[3]  Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.
>
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
>
> . . . .
>
> C.  A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work related limitation of function . . . .

20 C.F.R. Pt. 404, Subpart P, App. 1, Listing 12.05.  Kennedy's argument hinges on the incorrect assertion that a claimant meets Listing 12.05(C) when he satisfies the requirements of subsection C and is not required to separately satisfy the diagnostic criteria, also referred to as the introductory paragraph, of Listing 12.05.  Contrary to Kennedy's arguments, the United States Court of Appeals for the Fourth Circuit has made clear that in determining whether a claimant meets Listing 12.05, the ALJ must *first* find that the claimant satisfies the introductory paragraph to the Listing by finding

---

[2] The other issues raised by Kennedy regarding the validity of his IQ scores and the existence of a physical or other mental impairment imposing an additional and significant work-related limitation appear to be either conceded by the Commissioner or assumed for the purposes of this appeal.

[3] The court notes that effective September 3, 2013—subsequent to the date of the ALJ's decision—the Social Security Administration replaced the term "Mental Retardation" with "Intellectual Disability" in Listing 12.05.  See Change in Terminology:  "Mental Retardation" to "Intellectual Disability," 78 Fed. Reg. 46499-01 (Aug. 1, 2013).  However, the substance of the Listing has not changed.



that he has "significantly subaverage general intellectual functioning *with deficits in adaptive functioning* initially manifested" before the age of 22. Hancock v. Astrue, 667 F.3d 470, 473 (4th Cir. 2012) (emphasis added). *Next*, the Listing requires a claimant to satisfy one of four additional requirements, categorized in the Listing as Requirements A-D. Here, as in Hancock, Requirement C is at issue, requiring an IQ score of 60-70, which the Fourth Circuit describes as Prong 2, as well as requiring a "physical or mental impairment imposing an additional and significant work-related limitation of function," identified as Prong 3. Id. Thus, the discussion in Hancock renders Kennedy's arguments that the Commissioner and the ALJ are incorrectly attempting to establish a third prong to satisfy Listing 12.05(C) wholly without merit.

Upon review of the ALJ's decision, even assuming without deciding that Kennedy has a "valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work related limitation of function," the court finds that Kennedy has failed to demonstrate the ALJ's finding that Kennedy does not meet Listing 12.05(C) is unsupported by substantial evidence or based on an incorrect application of the law because Kennedy has not demonstrated that the ALJ erred in finding that Kennedy failed to demonstrate deficits in adaptive functioning.[4]

## RECOMMENDATION

For the foregoing reasons, the court finds that Kennedy has not shown that the Commissioner's decision was unsupported by substantial evidence or reached through application of an incorrect legal standard. See Craig, 76 F.3d at 589; see also 42 U.S.C. § 405(g); Coffman v.

---

[4] Kennedy has not offered any argument challenging the ALJ's actual determination that Kennedy did not exhibit deficits in adaptive functioning. Rather, Kennedy's argument focuses on the fact that he did not have to separately satisfy the introductory paragraph.



Bowen, 829 F.2d 514, 517 (4th Cir. 1987).  The court therefore recommends that the Commissioner's decision be affirmed.

                                                                  _____
                                                                  Paige J. Gossett
                                                                  UNITED STATES MAGISTRATE JUDGE

March 28, 2016
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).